104 F.3d 374
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Delia A. HALL, Petitioner,
v.
DEPARTMENT OF VETERANS AFFAIRS, Respondent.
 No. 96-3347.
 United States Court of Appeals, Federal Circuit.
 Nov. 14, 1996.
 
 Before RICH, CLEVENGER, and RADER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Delia A. Hall ("Hall") appeals the initial decision of the Merit Systems Protection Board ("Board"), which became final July 22, 1996, upon denial of review by the full Board, sustaining her removal by the Department of Veterans Affairs from her previous position of Health Technician. We affirm.
 
 
 2
 * Hall was removed from her position on several charges of misconduct. At the hearing before an Administrative Judge ("AJ"), the charges against Hall were litigated, and the agency was found by preponderant evidence to have sustained the following charges: unauthorized use of government property, absent without leave, acceptance of gifts from a patient, borrowing money from a patient, use of her position for private gain, engaging in an outside relationship with a patient contrary to the best interests of the agency, and engaging in patient abuse. The AJ found that the agency failed to prove that Hall disclosed confidential patient information or made false or unfounded statements which are slanderous and/or defamatory of other agency personnel.
 
 II
 
 3
 In a thorough explanation of the evidence supporting the charges sustained, the AJ noted that he found Hall's explanations of dispositive points to be incredible. At the same time, the AJ cited the substantial evidence introduced by the agency to prove its charges by a preponderance of the evidence, and explained why the penalty of removal is appropriate given the multiple charges sustained. We must affirm the decision of the Board if it is supported by substantial evidence, not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. 5 U.S.C. § 7703 (1994). Furthermore, our precedent requires us to accept the determination of the Board on matters of credibility, absent circumstances which overwhelmingly demonstrate that the Board erred in deciding which of various witnesses is more credible. Hambsch v. Department of Treasury, 796 F.2d 430, 436 (Fed.Cir.1986).
 
 III
 
 4
 Because we perceive no error in the proceedings before the Board, and because the charges against Hall were proven by substantial evidence, we have no choice but to affirm the decision of the Board.